12 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
COLLINS OILFIELD MAINTENANCE, a California Corporation,
Plaintiff-Appellant,
v.
SHELL OIL COMPANY, INC., a Delaware Corporation; and Shell
Western E & P, Inc., a Delaware Corporation,
Defendants-Appellees.
 No. 92-16134.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1993.
Decided Dec. 13, 1993.
 
 Before: HUG, FARRIS, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court may grant judgment as a matter of law if "there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue." Fed.R.Civ.P. 50(a)(1). Judgment as a matter of law is proper when the evidence permits only one reasonable conclusion as to the verdict. Venegas v. Wagner, 831 F.2d 1514, 1517 (9th Cir.1987). Neither the district court nor this court is free to weigh the evidence or reach a result that it finds more reasonable if the jury's verdict is supported by substantial evidence. Airweld, Inc. v. Airco, Inc., 742 F.2d 1184, 1188 (9th Cir.1984). Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence. Landes Const. Co., Inc. v. Royal Bank of Canada, 833 F.2d 1365, 1371 (9th Cir.1987).
 
 
 3
 The plaintiff can show a prima facie case of discrimination by producing some evidence that the adverse action was motivated by discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253-56 (1981). If, as here, the plaintiff successfully makes out a prima facie case, the burden shifts to the defendant to articulate a legitimate business reason for the action. The plaintiff must then prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. Id. at 253.
 
 
 4
 In deciding whether the managers who made sexist remarks acted on those statements, the district court invaded the jury's province. The jury could (and did) properly find that certain acts took place and that those acts coupled with the sexist remarks support at least an inference of discrimination. We have carefully reviewed the record. The acts complained of went unexplained by Shell.
 
 
 5
 The court was apparently persuaded that the decision not to use Collins was made because Collins had a poor safety record. That question was properly and squarely before the jury. It was within its province to provide the answer. It did. It found for Collins. It was proper for the jury to decide which party's explanation to believe. Gilchrist v. Jim Slemons Imports, Inc., 803 F.2d 1488, 1492-93 (9th Cir.1986). The record supports the jury's finding of discrimination. See also Price Waterhouse v. Hopkins, 490 U.S. 228, 251 (1989).
 
 
 6
 The district court was apparently persuaded that Shell's desire to consolidate contractors caused the termination of Collins' maintenance contract. We cannot say what the jury should have decided but all evidence on the issue was before it. The fact that small contractors continued to perform fifty percent of all maintenance work after Collins was fired may have entered into the jury's consideration. Collins introduced substantial evidence of pretext. The jury was persuaded. Even if the evidence would reasonably support two different conclusions, the trial court's and the jury's, our inquiry is concluded when we find sufficient evidence to support the jury verdict. We, therefore, reverse the grant of judgment as a matter of law and reinstate the jury verdict in its entirety.
 
 
 7
 The district court failed to rule on Shell's alternative motion for a new trial. Shell could have, but did not press for a ruling on that motion. We are aware of the controlling authority.
 
 
 8
 Although a district court's ruling on an alternative motion for a new trial may involve the exercise of a measure of discretion, a stringent standard applies when the motion is based on insufficiency of the evidence. A motion for new trial may be granted on this ground only if the verdict is against the 'great weight' of the evidence, ... or 'it is quite clear that the jury has reached a seriously erroneous result.'
 
 
 9
 Digidyne Corp. v. Data General Corp., 734 F.2d 1336, 1347 (9th Cir.1984) (citations omitted) (emphasis added).
 
 
 10
 The verdict was not against the "great weight of the evidence." The motion must therefore be deemed denied.
 
 
 11
 We find no evidence of "inflammatory" presentation. We agree that the damage theory is somewhat unusual but a review of the record leaves no doubt that two conflicting views of Collins' damages were before the jury at the close of evidence. It could have accepted Shell's theory which was certainly reasonable. Instead it accepted Collins' view, which was also reasonable. That a jury accepts one party's reasonable theory of damages over the other's is not a basis for granting a new trial.
 
 
 12
 REVERSED. Remanded for entry of judgment on the jury verdict.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3